IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02419-WYD-CBS

BRIAN HASTINGS,
    Plaintiff,
v.

SHAUNA BARBEE, Sheriff Deputy, and
(UNKNOWN), Sheriff Deputy,
    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendant Barbee's "Combined Motion to Dismiss and Memorandum in Support Thereof" (filed January 7, 2011) (Doc. # 21). Pursuant to the Order of Reference dated November 2, 2010 (Doc. # 10) and the memorandum dated January 7, 2011 (Doc. # 22), this matter was referred to the Magistrate Judge.

I.    Statement of the Case

    Proceeding *pro se*, Mr. Hastings brought this civil action alleging "4th Amendment U.S. Constitution Illegal Search and Seizure." (*See* Complaint (Doc. # 3) at p. 3 of 6). The entirety of Mr. Hastings Complaint alleges:

> Two sheriff deputies, Shauna Barbee and (Unknown One) executed a writ of assistance on 219 Ash St., forced th[eir] way in and let a public citizen known as Mandy Dunihoo search all of 219 Ash St in Fort Morgan Colo Unattended and did not search her prior to leaving said residence. Subsequently Mr. Hasting[s] returned to find out that 19,000.00 had disappeared of[f] his dresser stand. Mr. Hasting[s] tried to file theft complaint against both officers and was not allowed by city police + sheriff[']s office.
>
> 4th Amendment U.S. Constitution Illegal Search and Seizure. Sheriff deputies allowed a public citizen to unattendly search 219 Ash St in Fort Morgan Colo where 19,000.00 came up missing. After forcing th[eir] way in. The Const of the U.S. does not allow such a action. Officers testimony in 2009 C212 will show conduct and e[tc.] [sic].

1

(Complaint (Doc. # 30) at p. 2 of 6).  Mr. Hastings seeks "actual damages" in the amount of $19,000.00 "missing cash," $200,000.00 for "allowing public . . . entering home to search property," nominal damages in the amount of $1.00, and punitive damages in the amount of $1,000,000.00.  (*See id.* at p. 6 of 6).

On January 7, 2011, the court directed Mr. Hastings to file any response he had to the Motion to Dismiss on or before January 31, 2011.  (*See* Minute Order (Doc. # 23)).  To date, Mr. Hastings has not filed any response to the Motion.  The court's records reflect that Mr. Hastings' copy of the January 7, 2011 Minute Order setting the response deadline was not returned in the mail as undeliverable.

By Minute Order dated December 9, 2010, the court scheduled a Preliminary Rule 16(b) Scheduling Conference on February 4, 2011.  (*See* Minute Order (Doc. # 13)).  The court held the Preliminary Scheduling Conference on February 4, 2011.  Counsel for Defendant Barbee appeared in person.  Mr. Hastings did not appear.  (*See* Courtroom Minutes/Minute Order (Doc. # 24)).  The court's records reflect that Mr. Hastings' copy of the December 9, 2010 Minute Order setting the  February 4, 2011 Preliminary Scheduling Conference was not returned in the mail as undeliverable.  Counsel for Defendant Barbee indicated to the court, based upon information and belief, that on February 4, 2011 Mr. Hastings was incarcerated at the Morgan County Jail in Morgan County, Colorado.  (*See* Doc. # 24).

On February 4, 2011, the court rescheduled the Preliminary Scheduling Conference to March 14, 2011, mailing a copy of its order to Mr. Hastings at the Morgan County Jail.  (*See* Post Recess Order (Doc. # 24) at p. 2 of 2;  Certificate of Service by Mail (Doc. # 25)).  The court held the Preliminary Scheduling Conference on March 14, 2011.  Counsel for Defendant Barbee appeared in person.  Mr. Hastings appeared via telephone.  (*See* Courtroom Minutes/Minute Order (Doc. # 27)).  At the conference, the court directed that Mr. Hastings' response to the pending Motion to Dismiss was due within 20 days.  (*See*

Doc. # 27).  More than 20 days has passed since the court's Order and Mr. Hastings has not filed any response to the Motion.

The court has reviewed the Motion, the pleadings, the entire case file, the comments made at the Preliminary Rule 16(b) Scheduling Conference held on March 14, 2011, and the applicable law and is sufficiently advised in the premises.

II.     Standard of Review

Defendant Barbee moves to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

Because Mr. Hastings appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated General Contractors of California, Inc. v. California*

*State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint");  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

"[A] district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks and citation omitted).  "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Issa*, 354 F.3d 1177-78 (internal quotation marks and citations omitted). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."  *Id.*

Defendant submits certified copies of the Prejudgment Order of Possession After Hearing and the Writ of Assistance that Mr. Hastings refers to in the Complaint.  (*See* Docs. # 21-1 and # 21-2).  These documents may be considered under Rule 12(b)(6) without converting this Motion to a motion for summary judgment.  *See Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) ("a court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment. And a court ordinarily may treat documents from prior state court adjudications as public records.") (citations omitted); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)  (in addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity); *San Leandro*

*Emergency Medical Group Profit Sharing Plan v. Philip Morris Companies, Inc.*, 75 F.3d 801, 808 (2d Cir. 1996) (in ruling on motion to dismiss, District Court was entitled to consider the full text of documents that were only partially quoted in the Complaint); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.); *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985) ("[A] Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include . . . any document incorporated in it by reference.");  5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2010) (court may consider matters integral to plaintiffs claim and matters of public record in ruling on a Rule 12(b)(6) motion without converting the motion into one for summary judgment).[1]

III.   Analysis

While Mr. Hastings has not pled any basis for the court's jurisdiction in this case, the court presumes that his claim for violation of the 4th Amendment by two sheriff's deputies is brought under Title 42 U.S.C. § 1983, which "provides an instrument by which an individual deprived of a federal right by a person acting under color of state law may be compensated." *Eagleston v. Guido*, 41 F.3d 865, 875 (2d Cir. 1994).  Section 1983 creates a cause of action where a  "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution."  42 U.S.C. § 1983.  "To state a claim under [42 U.S.C.] §

---

[1] Defendant cites and the court finds no authority for it to consider the Affidavit of Shauna Barbee in the context of her Motion to Dismiss brought pursuant to FED. R. CIV. P. 12(b)(6).

1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant Barbee argues that the Complaint does not state a cognizable claim against her.

Mr. Hastings first alleges that while executing a Writ of Assistance, Defendant Barbee illegally "forced [her] way in" to the property. (*See* Complaint (Doc. # 30) at p. 2 of 6). A sheriff's deputy may have quasi-judicial Immunity for the execution of a judge's orders. "We have held that [j]ust as judges acting in their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy [ ] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (internal quotation marks and citations omitted). "Absolute immunity for officials assigned to carry out a judge's orders is necessary to ensure that such officials can perform their function . . . ." *Id.* "[F]or the defendant state official to be entitled to quasi-judicial immunity, the judge issuing the disputed order must be immune from liability in his or her own right, the officials executing the order must act within the scope of their own jurisdiction, and the officials must only act as prescribed by the order in question." *Id.*

It is undisputed that on October 9, 2009, a Prejudgment Order for Possession After Hearing was issued by Judge Michael J. Schingle in an action commenced by Mandy Dunihoo against Mr. Hastings in the Morgan County Court, Case No. 2009C212. (*See* Complaint (Doc. # 3) at p. 2 of 6; Exhibit 1 to Motion to Dismiss (Doc. # 21-1)). After conducting a hearing, Judge Schingle found with reasonable probability that Ms. Dunihoo was entitled to possession of a "Bissel [sic] ProHeat Carpet Shampooer 12.5 amps; color-burgundy; Magnavox Television set with remote; Old Nintendo set with three paddles and at least four games; Playstation with two games including Guitar Hero World Tour; 50-65 DVD movies some collectible and unopened; Birth Certificate and Social Security card."

(*See* Doc. # 21-1).  Judge Schingle further found that there "is reasonable and probable cause to believe that the property is located at . . . 219 Ash Street in Fort Morgan, Colorado. . . ."  (*See id.*).  Judge Schingle ordered the Morgan County Sheriff to take and retain custody of the property pending further order. (*See id.*).  To effectuate the court's Order, the Clerk of the Court issued a Writ of Assistance directing the sheriff:

> to take possession of the personal property cited in the Judgment and Order for Possession or the Prejudgment Order for Possession After Hearing in a peaceful and orderly manner and to retain such property in your custody . . . . If this cannot be accomplished, you are ordered to use such force as may be reasonably necessary to effectuate said Order.
> If the personal property or any part thereof is in a building or enclosure, you are directed to demand its delivery, announcing your identity, purpose, and the authority under which you act.  If it is not voluntarily delivered, you shall cause the building or enclosure to be broken open in such a manner as you reasonably believe will cause the least damage to the building or enclosure, and take the personal property into your possession.

(*See* Exhibit 2 to Motion to Dismiss (Doc. # 21-2)).

"Judges are absolutely immune from civil liability for judicial acts unless committed in the clear absence of all jurisdiction."  *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).  Mr. Hastings does not allege that Judge Schingle did not have jurisdiction to issue the underlying October 9, 2009 Order, such that judicial immunity would not apply.  Nor does Mr. Hastings allege that Judge Schingle's Order was not a facially valid order. "A court order can be unlawful and yet still be facially valid for purposes of quasi-judicial immunity."  *Moss*, 559 F.3d at 1166.  In his pleading, Mr. Hastings does not challenge the validity of the Order.

Mr. Hastings does not allege that Defendant Barbee lacked authority to carry out the October 9, 2009 Order.  In Colorado, a "sheriff, in person or by his undersheriff or deputy," is required to execute "all processes, writs, precepts, and orders issued or made by lawful authority." Colo. Rev. Stat. § 30-10-515 (2010).  *See also Struble v. Burger*, 261 P.2d 497, 498 (Colo. 1953) ("The sheriff is . . . an executive officer, whose sole duty is to execute, and not to decide on the truth or sufficiency of the processes committed to him. . . . He is

an officer of the court, charged with the duty of carrying out the orders and decrees of the court. Sheriffs are not required to be learned in the law and when, as here, the sheriff obeys the order of the judge, he is not liable for so doing.") (citations omitted). The October 9, 2009 Order specifically instructed that "a certified copy of this Order shall constitute authority to the Sheriff to proceed as directed herein." (*See* Doc. # 21-1 at p. 2 of 2). The October 9, 2009 Writ of Assistance directed the Sheriff to use whatever "force as may be reasonably necessary to effectuate" the court's Order and that "[i]f the personal property . . . is not voluntarily delivered, you shall cause the building or enclosure to be broken open in such a manner as you reasonably believe will cause the least damage to the building or enclosure, and take the personal property into your possession." (*See* Doc. # 21-2 at p. 2 of 3). *See also* Colorado Rules of County Court Civil Procedure 404(i) (recognizing that sheriff may cause buildings or enclosures to be broken open to take property into possession in a replevin action). While Defendant Barbee contests whether any force was used to enter the building, even if force were used, she was specifically authorized to use force.

Nor does Mr. Hastings allege that Defendant Barbee exceeded the scope of the October 9, 2009 Order. As to Mr. Hastings' allegation that $19,000.00 in cash was missing, he alleges no facts from which it may be inferred that Defendant Barbee personally searched the dresser or seized the money that "came up missing." Mr. Hastings has pled no facts to avoid the application of quasi-judicial immunity to Defendant Barbee regarding his Complaint. For this reason, Mr. Hastings fails to state a claim for relief against Defendant Barbee.

Mr. Hastings also alleges that Defendant Barbee allowed "a public citizen known as Mandy Dunihoo [to] search" the building at 219 Ash Street. (*See* Doc. # 3 at pp. 2, 3 of 6). Federal law does not prohibit law enforcement officers from permitting a citizen to assist them in identifying and recovering the citizen's property. *See United States v. Robertson*,

21 F.3d 1030, 1034 (10th Cir. 1994) (where goods taken in carjacking were commonplace as to be without describable unique characteristics, it is proper to have victim accompany officers on execution of warrant) (citing *United States v. Clouston*, 623 F.2d 485, 486–87 (6th Cir. 1980) (per curiam) (holding that government agents properly seized telephone company property identified by assisting telephone company agents, even though warrant did not list telephone company property) and *United States v. Schwimmer*, 692 F.Supp. 119, 124, 126–27 (E.D.N.Y.1988) (holding that government agents lawfully had computer expert help identify items that could be seized under warrant)).  The Writ of Assistance permitted Defendant Barbee to enter the premises to repossess property in which a private citizen had an adjudicated personal property interest.  A Fourth Amendment claim is based on objective reasonableness.  *See Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").  Mr. Hastings has not alleged that it was unreasonable for Defendant Barbee to construe the court's October 9, 2009 Order as authorizing the assistance of the citizen to identify the items of personal property that the court authorized to be recovered.  On the basis of the allegations before the court, Mr. Hastings has not stated a claim for relief against Defendant Barbee based on the presence of a private citizen at the execution of the Writ of Assistance.

Additionally, personal participation in the constitutional violation is an essential allegation in a civil rights action brought under § 1983.  *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").  Mr. Hastings does not allege whether he is suing Defendant Barbee in her individual capacity, official capacity, or both.  (*See* Doc. # 3).  To the extent that Mr. Hastings is suing Defendant Barbee in her individual capacity, personal participation by the named defendants is an essential allegation in a civil rights action.  *See*

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim."); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996) ("personal participation is an essential element in a § 1983 claim") (internal quotation marks and citation omitted).  Mr. Hastings must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right").  As to Mr. Hastings' allegation that $19,000.00 in cash was missing, he alleges no facts from which it may be inferred that Defendant Barbee personally searched the dresser or seized the money that "came up missing."  Mr. Hastings does not allege that Defendant observed or had knowledge of any cash.

To the extent that Mr. Hastings may be suing Defendant Barbee in her official capacity, "a judgment against a public servant in his official capacity imposes liability on the entity he represents, provided, of course, the public entity received notice and an opportunity to respond."  *Brandon v. Holt*, 469 U.S. 464, 471-73 (1985) (internal quotation marks and citation omitted).  "For a county to be held responsible, it must have caused the harm through the execution of its own policy or custom by those whose edicts or acts may fairly be said to represent official policy."  *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  "When a policy is not unconstitutional in itself, the county cannot be held liable solely on a showing of a single incident of unconstitutional activity."  *Meade*, 841 F.2d at 1529 (citation omitted).

First, as Mr. Hastings has not alleged the requisite predicate of showing an underlying constitutional violation by Defendant Barbee, he fails to state a claim for relief

against her public entity employer. *See Estate of Larsen ex. Rel Sturdivan v. Murr*, 511 F.3d 1255, 1264 (10th Cir. 2008) ("without the predicate constitutional harm inflicted by an officer, no municipal liability exists") (citation omitted). Second, the Complaint contains no allegations of a policy or custom of Defendant Barbee's public entity employer that deprived him of a legally cognizable right. Mr. Hastings fails to state a claim for relief against Defendant Barbee's public entity employer.

IV.     Unknown Defendant

There is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982). To the contrary, the Federal Rules provide:

> "[e]very pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint, the title of the action shall include the names of all the parties . . . ."

Fed. R. Civ. P. 10(a). Because anonymous parties are not permitted by the Federal Rules and Mr. Hastings has not identified the Unknown Defendant, the Unknown Defendant is properly dismissed from this civil action.

Further, even if the Unknown Defendant were identified, the application of quasi-judicial immunity to Defendant Barbee and the determination that Mr. Hastings has filed to state a claim for relief, as set forth by the court in this Recommendation, above, would apply equally to the allegations Mr. Hastings makes against the Unknown Defendant.

V.     Conclusion

As Mr. Hastings fails to state a claim for relief in his Complaint, this civil action is properly dismissed. Accordingly, IT IS RECOMMENDED that Defendant Barbee's "Combined Motion to Dismiss and Memorandum in Support Thereof" (filed January 7,

2011) (Doc. # 21) be GRANTED and that this civil action be dismissed in its entirety.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 20th day of April, 2011.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge