UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02419-WYD-CBS

BRIAN HASTINGS,

      Plaintiff,

v.

SHAUNA BARBEE, Sheriff Deputy

      Defendant

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**
_____

I.    INTRODUCTION

THIS MATTER is before the Court on Defendant Sheriff's Deputy Shauna Barbee's (hereinafter "Barbee") Combined Motion to Dismiss and Memorandum in Support Thereof, filed January 7, 2011 [ECF No. 21], pursuant to Fed. R. Civ. P. 12(b)(6).  This matter was referred to Magistrate Judge Craig B. Shaffer for a Recommendation by Order of Reference dated November 2, 2010 [ECF No. 10], and by memorandum dated January 7, 2011 [ECF No. 22].  Magistrate Judge Shaffer issued his Recommendation on April 20, 2011 [Doc. No. 28], which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Shaffer recommends that "Barbee's 'Combined Motion to Dismiss and Memorandum in Support Thereof'...be GRANTED and that this civil action be dismissed in its entirety." (Recommendation at 11-12.)

Pursuant to Fed. R. Civ. P. 72(b), Magistrate Judge Shaffer advised the parties

they had fourteen days to serve and file, written specific objections to his Recommendation.  On April 28, 2011, with leave from the Court, Plaintiff (hereinafter "Hastings") filed an Objection to the Magistrate Judge's Recommendation to dismiss this action in its entirety.   As the nature of this matter is dispositive, Hastings' motion necessitates a *de novo* determination as to his specific objections.  *See* Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

II.     BACKGROUND

By way of background I note Hastings filed his Complaint on October 5, 2010 [Doc. No. 3].  In his Complaint, Hastings alleged that Barbee and an unnamed Sheriff's Deputy violated his Fourth Amendment right to protection from illegal search and seizure.  (*See* Compl. at 3).

Hastings further alleges that "[t]wo sheriff deputies[,] Shauna Baree [sic] and (Unknown one) executed a [W]rit of [A]ssistance on 219 Ash st, forced their way in and let a public citizen known as Mandy Dunichoo search. . .unattended. . .subsequently Mr. Hastings] returned to find that [$]19,000.00 had disappeared off [sic] his dresser stand."  (Compl. at 2).  Hastings also alleges that he "tried to file [a] theft complaint against both officers and was not allowed by city police + sheriff[']s office [sic]." *Id.*  Finally, Hastings alleges "[s]heriff deputies allowed a public citizen to unattendly [sic] search 219 Ash St in Fort Morgan Colo[rado] where [$]19,000.00 came up missing. After forcing their way in[] the Const[itution] [sic] of the U.S. does not allow such a [a]ction."  (Compl. at 3). Hastings seeks monetary relief of $19,000 in actual damages; $200,000 in damages for allowing a public citizen to enter and search his home; $1,000,000 in punitive damages; and $1.00 in nominal damages.  (*See* Compl. at 6).

The undisputed facts are as follows: Barbee, an unknown sheriff's deputy, and public citizen Mandy Dunichoo (hereinafter "Dunichoo") entered Hastings' property located at 219 Ash Street, in Fort Morgan, Colorado.  The entry was effected pursuant to a Prejudgment Order for Possession After Hearing issued by Judge Michael J. Schingle, and a Writ of Assistance, issued by the Clerk of the Court to effectuate Judge Schingle's Order in Morgan County Court (case No. 2009C212).  (Recommendation at 6.)   In this case, there is no challenge to (1) Judge Schingle's authority to issue the Order; (2) the validity of the Order; (3) Barbee's authority to execute the Order; or (4) that in execution thereof, Barbee exceeded the scope of the Order.

Accordingly, in her motion, Barbee seeks to dismiss Hastings' Fourth Amendment claim on the grounds that Hastings has failed to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  In his Recommendation, Magistrate Judge Shaffer recommends that Barbee's motion to dismiss be granted.  As a preliminary matter, I note that it was difficult to determine the nature of Hastings' Objection to Magistrate Judge Shaffer's Recommendation.  Hastings' Objection contains broad conclusory allegations and general restatements of the elements of his claim.  Nonetheless, I will engage in a *de novo* review of his Objection.  A "[d]e novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).  Therefore, I will consider the record which has been developed before Magistrate Judge Shaffer and make my determination on the basis of that record, acknowledging that I am not bound to adopt the findings and or conclusions of the Recommendation presented.  *U.S. v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct.

2406, 2412, 65 L. Ed. 2d 424 (1980).

## III. RECOMMENDATION

As stated earlier, Magistrate Judge Shaffer recommends that Barbee's motion to dismiss be granted. (Recommendation at 11-12.) Magistrate Judge Shaffer recommends the dismissal of Hastings' claim on the grounds that: (1) Hastings does not challenge the validity of the Order; (2) Hastings does not allege that Barbee lacked authority to carry out the Order; (3) Hastings does not allege that Barbee exceeded the scope of Order; (4) nor does Hastings allege any personal participation on behalf of Barbee. Further, Magistrate Judge Shaffer notes that Hastings fails to identify whether he is suing Barbee in her individual or official capacity.

## IV. STANDARD OF REVIEW

### A. Rule 12(b)(6) Standard

A defendant may move to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. 544, 570). The Tenth Circuit interpreted the scope of plausible by noting that "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Okla. Dep't of Human Servs.*, 519 F.3d 1242,

1247 (10th Cir. 2008) (internal quotations omitted). As such, the Plaintiff must allege sufficiently plausible facts that if taken to be true, state a valid claim for relief.

    B.    *Pro Se* Plaintiff

Acknowledging Hastings is a *pro se* plaintiff, this Court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). Nonetheless, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 110 (10th Cir. 1991). Furthermore, this Court cannot assume that the plaintiff "can prove facts which he has not alleged [n]or that the defendants have violated the...laws in ways that have not been alleged." *RSM Prod. Corp. v. Petroleos de Venezuela Societa Anonima*, 338 F. Supp. 2d 1208, 1211 (D. Colo. 2004) (quoting *Assoc. Gen'l Contractors v. Calif. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 916, 74 L.Ed.2d 723 (1983)); *see also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.")

    C.    Jurisdiction

Hastings states that Barbee violated his Fourth Amendment right guaranteeing him freedom from illegal searches and seizures. However, Hastings did not plead any basis for this Court's jurisdiction in this case. Nonetheless, I will presume that Hastings' claim is brought under Title 42 U.S.C. § 1983. "To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

V.     ANALYSIS

Hastings' civil rights claim is based upon the following conclusory allegations: (1) pursuant to a Prejudgment Order of Possession After Hearing, Barbee and an unknown sheriff's deputy forced their way onto his property; (2) pursuant to a Writ of Assistance, a public citizen was allowed to search his property unattended; and (3) $19,000 went missing thereafter. The crux of Hastings' claim is that allowing a public citizen, who may at times be unattended, to search his property is a violation of his Constitutional rights under the Fourth Amendment. I find that Hastings' conclusion is incorrect. "[I]t is well-established that federal law enforcement officials generally may enlist the help of private citizens in executing a warrant. The same should hold true for state law enforcement officials." *Robinson v. City & County of Denver*, 39 F. Supp. 2d 1257, 1272 (D. Colo. 1999) (citation omitted). "[A] Fourth Amendment violation occurs when police engage in a warrantless search and no exception to the warrant requirement applies, or when police search pursuant to a warrant not based on probable cause." *Specht v. Jensen*, 832 F.2d 1516, 1522-23 (10th Cir. 1987) *on reh'g in part*, 853 F.2d 805 (10th Cir. 1988) (explaining that the manner in which the police officer acts is irrelevant to the existence of a constitutional violation).

To survive a motion to dismiss, I find that Hastings must do more than allege that Barbee should not have allowed a public citizen to assist in the search of his property. Hastings must allege that Barbee carried out an illegal search or seizure of his property. An illegal search may occur if one exceeds the scope of the order. *Cf. Robinson*, 39 F.

Supp. 2d at 1267 ("Where law enforcement officers' actions grossly exceed the scope of a particularized warrant, they undermine the particularity requirement of the Fourth Amendment."). Based on a careful review of the file, I find nothing therein to suggest that Barbee exceeded the scope of Judge Schingle's Prejudgment Order or Possession After Hearing or the Writ of Assistance. Furthermore, because Hastings does not contest that Judge Schingle accurately found reasonable and probable cause to issue his Order, I find that Hastings has failed to state a claim upon which relief can be granted.

Notwithstanding Hastings' deficient Complaint, Magistrate Judge Shaffer noted that a sheriff's deputy in his or her official capacity may be entitled to quasi-judicial immunity for the execution of a judge's orders in his official capacity. The Tenth Circuit "held that [j]ust as judges acting in their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy [] absolute immunity from liability for damages in suit challenging conduct prescribed by that order." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (internal quotation marks omitted). To qualify for quasi-judicial immunity "[o]fficials must act within the scope of their own jurisdiction and the officials must only act as prescribed by the order in question." *Id*. In his Recommendation, Magistrate Judge Shaffer concluded that Hastings did not allege any facts to suggest that judicial immunity does not apply to the issue at hand.

Accordingly, I agree and find no error with Magistrate Judge Shaffer's well-reasoned conclusion that quasi-judicial immunity applies to the instant situation and bars Hastings' claim for monetary damages against Barbee in her official capacity. Also

in his Recommendation, Magistrate Judge Shaffer notes that it was difficult to ascertain whether or not Hastings was suing Barbee in her individual capacity or official capacity. To the extent that Hastings is suing Barbee in her individual capacity, again, I agree with Magistrate Judge Shaffer's Recommendation that Hastings has failed to state a claim for relief because he failed to allege any facts in his complaint that demonstrate Barbee's personal participation.  (*See* Recommendation at 9-10); *see also Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976) (holding that to be liable, Barbee must have personally "participated or acquiesced in the constitutional deprivations of which the complaint is made.")  In the instant matter, however, I find no constitutional deprivations were suffered, thus Barbee's participation is irrelevant[1].

Based on my review of Hastings' Objection, I do not find that Barbee exceeded the scope of the order by allowing Dunichoo, pursuant to valid a Writ of Assistant, assist in the search and procurement of the items listed in Exhibit 1 [ECF No. 21-1].  As I previously mentioned, Hastings' Objection contains several conclusory allegations, labels, and further arguments not presented in the original Complaint.  Similar to the notice requirements of a complaint, an objection must specifically identify the findings or recommendations to which objections are being made, in order to preserve the issue for a *de novo* review.  *See Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007) (citing *In re Griego*, 64 F.3d 580, 583 (10th Cir.1995) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the

---

[1] Magistrate Judge Shaffer further recommends that the unknown defendant be dismissed from this civil action.  Hastings made no objections to this issue, and I find no error with Magistrate Judge Shaffer's conclusion, Thus I adopt and affirm Magistrate Judge Shaffer's dismissal of the unknown sheriff's deputy from this civil action.

objection for de novo review."))  Furthermore, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  Thus, I will not entertain Hastings' newly raised issues in his Objection.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I find that Magistrate Judge Shaffer's Recommendation is thorough, well reasoned and sound.  I agree with Magistrate Judge Shaffer that Barbee's Combined Motion to Dismiss and Memorandum in Support Thereof should be granted and this civil action dismissed.

VI.     CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of the United States Magistrate Judge Shaffer [ECF No. 28] is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that Barbee's Combined Motion to Dismiss and Memorandum in Support Thereof [ECF No. 21] is **GRANTED**.  This matter is **DISMISSED.**

Dated:  July 1, 2011

                                                         BY THE COURT:

                                                         s/ Wiley Y. Daniel
                                                         Wiley Y. Daniel
                                                         Chief United States District Judge